FEB 2 0 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Hubert Alan Jason, II,                    )
    Petitioner,                         )
                                  )
                                                                                            )
v.                                        )      1:12cv577 (AJT/TRJ)
                                                                                            )
Warden, Sussex I State Prison,            )
    Respondent.                         )

## MEMORANDUM OPINION

Hubert Alan Johnson, II, a Virginia inmate proceeding pro se, has filed a petition for a writ

of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction

of first-degree murder and use of a firearm in the commission of a murder following a jury trial in

the Circuit Court for the City of Norfolk, Virginia. On July 30, 2012, respondent filed a Rule 5

Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the

opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975). Petitioner filed a response on December 7, 2012 and filed a Motion for Leave, Motion for

Discovery, and Motion for Evidentiary Hearing on January 23, 2013. For the reasons that follow,

respondent's Motion to Dismiss will be granted, petitioner's claims will be dismissed, and his

other pending motions will be denied, as moot.

## I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of

Norfolk, Virginia, entered on June 9, 2008. Following a jury trial, petitioner was convicted of

first-degree murder and use of a firearm in the commission of a murder. R. Nos. CR09000019-02

& CR09000019-03. The trial court adopted the sentence fixed by the jury, which was twenty-

seven years' incarceration.

Petitioner appealed his conviction to the Court of Appeals of Virginia, alleging that the evidence was insufficient as a matter of law and that the trial court should set aside the verdict and grant him a new trial based on after-discovered evidence. R. No. 2645-09-1. The Court of Appeals denied the petition on June 9, 2010, finding that "the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove [his] guilt beyond a reasonable doubt." Id. As to the newly-discovered evidence, it found that petitioner "failed to establish the evidence was material such as should produce the opposite result on the merits at another trial." Id. Petitioner then appealed his conviction to the Supreme Court of Virginia, which refused the appeal on November 30, 2010. R. No. 101338.

On September 26, 2011, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising eight grounds. The Supreme Court of Virginia denied and dismissed the petition on March 26, 2012, finding that petitioner's ineffective assistance of counsel claims satisfied neither the performance nor the prejudice prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and that petitioner's insufficient evidence claim was barred. R. No. 111725.

On May 15, 2012, petitioner filed the instant petition, raising the following claims:[1]

> 1. Ineffective Assistance of Counsel
>> (A) Counsel was ineffective for failing to obtain photographs of the crime scene or to obtain an expert to obtain photographs of the crime scene.
>> (B) Counsel was ineffective for failing to subpoena Jarrell Adams to testify at trial.

---

[1] For pro se prisoners, a petition is deemed filed when the prisoner delivers his pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In this case, petitioner certified that he placed his habeas petition in the prison mailing system on May 15, 2012. See Fed. Pet. at 14; ECF No.1.

2

> (C) Counsel was ineffective for failing to include pretrial
> motions in the direct appeal of his criminal convictions.
> (D) Counsel was ineffective for proceeding with a hearing
> without the petitioner present.
> 2. Petitioner Denied a Preliminary Hearing on First-Degree Murder
> 3. Grand Jury Testimony
> 4. Not Indicted by the Grand Jury
> 5. Prosecutorial Misconduct
> 6. Insufficient Evidence—that witness Demetrial Wilson was
> inherently incredible and unworthy of belief
> 7. Other Violations of Constitutional Rights
> 8. Private Investigator Robert Glenn Ford refused to take
> photographs of the crime scene.

Grounds 1(A)–(C) and 2–8 are essentially the same grounds petitioner raised in his state habeas

petition. Ground 1(D) was not presented in petitioner's state habeas petition or raised on direct

appeal.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a

federal court must first determine whether the petitioner has exhausted his claims before the

appropriate state courts and whether those claims are barred by a procedural default. As a general

rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter

of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court.

See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S.

509, 515–19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the

state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838,

845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and

legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas

corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v.

3

Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275–78

(1971) for the proposition that for a claim to be exhausted, "both the operative facts and the

'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771

F.Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement

is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at

least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally

defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review,

provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262–63 (1989);

Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the

state court must have relied explicitly on the procedural ground to deny petitioner relief. Id.

Second, the state procedural rule relied on to default petitioner's claim must be an independent

and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423–24

(1991). When these two requirements have been met, federal courts may not review the barred

claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as

actual innocence. Harris, 489 U.S. at 260.

A. Claim 1(D)

Petitioner has failed to exhaust Claim 1(D) because he did not present it to the Virginia

Supreme Court on either direct appeal or state habeas review. The determination that petitioner's

claim is unexhausted is not altered by the fact that petitioner alleged facts indicating that his

counsel was ineffective in his petition for rehearing of the denial of his state habeas petition. It is

well-settled that raising a claim in a petition for rehearing does not fairly present the claim to the

state's highest court. Hendrick v. True, 443 F.3d 342, 364–65 n.1 (4th Cir. 2006) (citing Lewis v.

4

Sternes, 390 F.3d 1019, 1031 (7th Cir. 2004) and Cruz v. Warden of Dwight Corr. Ctr., 907 F.2d 665, 669 (7th Cir. 1990)).

This does not end the exhaustion analysis, however, because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, if petitioner now were to attempt to bring this unexhausted claim before the Supreme Court of Virginia, it would be procedurally barred as both untimely and successive, under Virginia Code § 8.01-654(A)(2) and § 8.01-654(B)(2), respectively. The Fourth Circuit has held that the procedural default rules set forth in both § 8.01-654(A)(2) and (B)(2) constitute adequate and independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, this claim is simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review. Because petitioner has failed to demonstrate either, this claim must be dismissed from the petition as simultaneously exhausted and procedurally defaulted.

B. Claims 2, 3, 4, 5(A)–(D), 7 & 8

When petitioner raised claims 2, 3, 4, 5(A)–(D), 7 and 8 in his state habeas petition, the Supreme Court of Virginia held that the claims were "barred because these non-jurisdictional

issues could have been raised at trial and on direct appeal, and, thus are not cognizable in a petition for a writ of habeas corpus." Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). Order March 26, 2012, at 7–11, R. No. 111725.

The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196–97 (4th Cir. 1997). Therefore, petitioner's claims must be dismissed as procedurally defaulted unless petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). In this case, petitioner's response to the Motion to Dismiss makes no argument regarding cause and prejudice or a fundamental miscarriage of justice. Therefore, claims 2, 3, 4, 5(A)–(D), 7 and 8 will be dismissed as procedurally defaulted.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Merits

In his remaining claims, Claims 1(A)–(C) and 6, petitioner argues that counsel rendered ineffective assistance and that the evidence used to convict him was insufficient because witness Demetrial Wilson was inherently incredible and unworthy of belief.

### A. Claims 1(A)–(C): Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a

probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998). The Supreme Court found that Claims 1(A)–(C) satisfy neither the performance nor prejudice prong of the two-part test enunciated in Strickland.

    1. Claim 1(A)

    Petitioner alleges that he was denied the effective assistance of counsel because counsel did not obtain or try to obtain photographs of the crime scene. Pet. 16, ECF No. 1. Specifically, petitioner alleges that photographic evidence would "discredit all claims of commonwealth's only eyewitness of testimony that she seen [sic] petitioner commit murder." Id. He claims that such evidence "would've undoubtable [sic] proved that the petitioner's conviction was founded on perjured testimony." Id. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that

> [t]he record, including trial transcript, witness statements and police reports, demonstrates that Demetrial initially told police that she, her boyfriend, and another man, were asleep in the back bedroom when the shooting occurred. She later testified that she had lied to police and that she was in the hallway in front of her bedroom when the shooting occurred. Petitioner has proffered no evidence in support of his claim that she could not have seen where the shooting occurred from where she was standing, or that photographs taken of the apartment would have

depicted the apartment as petitioner describes. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Mar. 26, 2012 at 3–4, R. No. 111725. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

2. Claim 1(B)

Petitioner alleges that he was denied effective assistance of counsel because counsel failed to subpoena Jarrell Adams, Demetrial's boyfriend, who was present during the crime. Pet. 18, ECF No. 1. Petitioner alleges that Adams' testimony would have corroborated Demetrial's first statement to police that she was in the bedroom when the shooting occurred and did not see it happen. Id. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that "[p]etitioner did not proffer an affidavit from Adams to verify that he would have testified as petitioner contends. The record . . . demonstrates that, although Demetrial initially told police they were sleeping in the back bedroom when the shooting occurred, those statements were false[,]" and dismissed the claim. Order Mar. 26, 2012 at 6, R. No. 111725. Petitioner also does not present an affidavit from Adams in his federal petition or in his response to defendant's Motion to Dismiss. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

3. Claim 1(C)

Petitioner alleges that he was denied effective assistance of counsel because counsel failed

to include pretrial motions that were denied by the trial court in the petition for direct appeal. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it found that the

> record, including letters from counsel to petitioner, demonstrates that petitioner was involved as counsel made tactical decisions concerning the arguments petitioner present to counsel. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal.

Id. at 1–2. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

## B. Claim 6: Insufficient Evidence

Petitioner alleges that the evidence against him was insufficient—specifically, that a witness, Demetrial Wilson, was inherently incredible. Petitioner presented this claim to the Court of Appeals of Virginia and to the Supreme Court of Virginia on direct appeal. On federal habeas review, the standard for claims challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546–47 (1981); see Wilson v. Greene, 155 F.3d 396, 405–06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether

the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

When petitioner presented this claim to the Court of Appeals of Virginia on direct appeal, it found that

> [t]he jury believed Demetrial's testimony identifying appellant as the shooter and her explanation as to why she initially withheld that information from the police. "The credibility of witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730 (1995). Moreover, in denying appellant's post-trial motion to set aside the verdict, the trial judge stated that she "did not find [Demetrial] inherently incredible as a matter of law." The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove appellant's guilt beyond a reasonable doubt.

R. No. 2645-09-1 at 2. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

## VI. Other Pending Motions

Because petitioner responded to the Motion to Dismiss, and because his claims will be dismissed, his Motion for Discovery and "Motion for Leave," which will be construed as a second Motion for Discovery, will be denied, as moot. Because an evidentiary hearing on the Motion to Dismiss is not required, the Motion for Evidentiary Hearing also will be denied.

## VII. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this _20th_ day of _February_ 2013.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia

11